FILED

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

12 SEP 19 PM 3: 57

| | | |
|---|---|---|
| FORTRES GRAND CORPORATION, <br> an Indiana corporation | ) <br> ) <br> ) | CIVIL ACTION NO. _____ |
| Plaintiff, | ) <br> ) <br> ) | JUDGE 3:12CV 535 |
| v. | ) <br> ) | **VERIFIED COMPLAINT FOR** <br> **TRADEMARK INFRINGEMENT AND** |
| WARNER BROS. ENTERTAINMENT <br> INC., a Delaware corporation, | ) <br> ) <br> ) | **UNFAIR COMPETITION** |
| Defendant. | ) <br> ) | |

Plaintiff, Fortres Grand Corporation, alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff, Fortres Grand Corporation ("Plaintiff"), is an Indiana corporation with its principal place of business in Plymouth, Indiana.

2. Defendant, Warner Bros. Entertainment Inc. ("Defendant"), is a Delaware corporation with its principal place of business in Burbank, California.

3. This Court has jurisdiction by virtue of the fact that (1) this is an action arising under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq. (the Lanham Act), jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b); and (2) this is a civil action between citizens of different states in which the value of the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, jurisdiction being conferred in accordance with 28 U.S.C. § 1332.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and the intellectual property that is the subject of the action is situated in this judicial district.

## FACTS

### Plaintiff and its CLEAN SLATE Trademark

5. Since 1994, Plaintiff has developed, marketed and sold security software for personal and enterprise computers.

6. Since 2000, Plaintiff has marketed and sold security software under the trademark CLEAN SLATE (the "CLEAN SLATE Mark").

7. CLEAN SLATE software protects the security of computer networks by erasing all evidence of user activity so that subsequent users see no evidence of the previous users' activity.

8. CLEAN SLATE software is available for download over the Internet through numerous websites, including Plaintiff's website at <fortresgrand.com>, by anyone with access to a computer and Internet connection.

9. Plaintiff has sold millions of dollars worth of its security software under the CLEAN SLATE mark.

10. Plaintiff has expended millions of dollars and thousands of hours of employee time to advertise and promote its CLEAN SLATE security software, including through advertising over the Internet.

11.     By virtue of Plaintiff's aforesaid sales and marketing of security software, Plaintiff has built up and now owns valuable goodwill in CLEAN SLATE.

12.     On December 4, 2001, Plaintiff obtained a federal trademark registration in the United States Patent and Trademark Office for CLEAN SLATE for "computer software used to protect public access computers by scouring the computer drive back to its original configuration upon reboot," Reg. No. 2,514,853.  Plaintiff's CLEAN SLATE trademark registration is now incontestable in accordance with 15 U.S.C. §1065, meaning that it is "conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce" in accordance with 15 U.S.C. §1115(b).

### The Market for Security Software

13.     Plaintiff, as well as other security software developers, depend on word of mouth and positive recognition on the Internet to market their products.

14.     Consumers of security software often are skeptical when choosing products because many "security software" products available for download over the Internet actually are designed to trick computer users or managers of computer networks into compromising the computer's or computer network's security.  This type of fake security software often is referred to as "malware." Malware (short for "malicious software") is software that is designed to damage a computer, computer system, or computer network, or to take partial control over its operation and it includes spyware, adware, and viruses.

15.     Because of the risk posed by such malware, users often are reluctant to consider security software that may be fake or otherwise have indicia of illegitimacy.

**Defendant and Its Use of the CLEAN SLATE Mark in *The Dark Knight Rises* Film**

16. Defendant is a fully integrated entertainment studio with film and television divisions. Defendant's film division alone grossed $4.7 billion at the worldwide box office in 2011. Defendant operates offices in over 30 countries and releases its films in over 120 countries.

17. Defendant's film, *The Dark Knight Rises*, is the latest in the lucrative Batman franchise.

18. *The Dark Knight Rises* was released in North America on July 20, 2012 and has generated gross revenues in excess of $950 million worldwide.

19. Part of the plot of *The Dark Knight Rises* involves Batman's promise to another character, Selina Kyle, to procure a software program called CLEAN SLATE that will erase a person's criminal history from every computer database in the world.

20. As described in the film, CLEAN SLATE software would allow criminals to erase evidence of their past crimes, and to get away with all manner of illegal activity. Thus, the film portrays CLEAN SLATE as a software tool for criminals to use to compromise computers and computer networks in order to delete sensitive and valuable data.

21. Defendant markets *The Dark Knight Rises* through the Internet.

22. As part of Defendant's marketing of *The Dark Knight Rises* over the Internet, it has developed Internet websites that feature its CLEAN SLATE software, including websites at <www.rykindata.com> and <rykindata.tumblr.com>.

23. At <www.rykindata.tumblr.com/cleanslate> Defendant's CLEAN SLATE software is described as one "in which the corporation will amass personal histories (specifically off the Internet) and destroy it permanently."

24. Since the release of *The Dark Knight Rises*, there are ever more web pages, tweets, and blog posts in which potential consumers question whether the CLEAN SLATE program, as it exists in *The Dark Knight Rises*, is real and could potentially work. Online searches for CLEAN SLATE now return hundreds of results relating to the CLEAN SLATE program from *The Dark Knight Rises*.

### Defendant's Use of the CLEAN SLATE Mark Is Likely To Cause Confusion Among Consumers and Has Caused Actual Harm to Plaintiff

25. Defendant's acts have caused or are likely to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of Plaintiff's CLEAN SLATE security software in that consumers and others in this judicial district and elsewhere in the United States are likely to believe that Defendant authorizes, sponsors or controls the use of the CLEAN SLATE Mark by Plaintiff, or that Defendant is connected or associated with Plaintiff.

26. Defendant's acts have caused or are likely to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of Defendant's use of CLEAN SLATE in that consumers and others in this judicial district and elsewhere in the United States are likely to believe that Plaintiff authorizes, sponsors or controls the use of the CLEAN SLATE Mark by Defendant, or that Defendant is connected or associated with Plaintiff.

27. On information and belief, Defendant's acts have injured Plaintiff's reputation and the reputation of Plaintiff's CLEAN SLATE security software with consumers in this

judicial district and elsewhere in the United States by creating confusion about Plaintiff's security software.

28. Since the July 20, 2012, release of *The Dark Knight Rises*, Plaintiff's sales of CLEAN SLATE security software have been reduced by more than half.

29. On information and belief, the reduction in sales of Plaintiff's CLEAN SLATE security software has been caused by Defendant's use of CLEAN SLATE as the name of the software in *The Dark Knight Rises* and to market the film *The Dark Knight Rises* on the Internet.

30. On information and belief, Defendant's use of CLEAN SLATE has been in reckless disregard of Plaintiff's trademark rights.

31. Defendant's use of CLEAN SLATE is irreparably damaging to Plaintiff, wherefor Plaintiff is without an adequate remedy at law.

### FIRST CLAIM FOR RELIEF
### (TRADEMARK INFRINGEMENT IN VIOLATION OF
### SECTION 32 OF THE LANHAM ACT)

32. Plaintiff re-alleges paragraphs 1 through 31, as if fully set forth herein.

33. Defendant's infringing use, advertisement and marketing of CLEAN SLATE constitute trademark infringement of Plaintiff's CLEAN SLATE Mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

### SECOND CLAIM FOR RELIEF
### (UNFAIR COMPETITION IN VIOLATION OF
### SECTION 43(a) OF THE LANHAM ACT)

34. Plaintiff re-alleges paragraphs 1 through 31, as if fully set forth herein.

35. Defendant's acts constitute unfair competition with Plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### THIRD CLAIM FOR RELIEF
### (UNFAIR COMPETITION IN VIOLATION OF
### INDIANA COMMON LAW)

36. Plaintiff re-alleges paragraphs 1 through 31 as if fully set forth herein.

37. Defendant's acts constitute unfair competition with Plaintiff in violation of Indiana common law.

**WHEREFORE**, Plaintiff prays for a judgment:

A. Permanently enjoining and restraining Defendant, its officers, agents, employees, representatives, and all others acting in concert or participation with any of them from using the CLEAN SLATE Mark:

    (i) to advertise or promote *The Dark Knight Rises*, including over the Internet; or

    (ii) in connection with merchandise based upon *The Dark Knight Rises*.

B. Directing Defendant to:

    (i) pay to Plaintiff all damages it has suffered as a result of Defendant's trademark infringement, in accordance with 15 U.S.C. § 1117(a) and Indiana common law;

    (ii) pay to Plaintiff the cost of corrective advertising as a result of Defendant's trademark infringement, in accordance with 15 U.S.C. § 1117(a); and

(iii)   pay to Plaintiff the costs of this action, together with reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a).

C.   Awarding Plaintiff such further relief as this Court deems just and equitable.

## JURY DEMAND

A trial by jury is hereby demanded.

Dated: September 19, 2012

Respectfully submitted,

MAY OBERFELL LORBER

By: _____
Christopher R. Putt (Bar Assoc. No. 21053-71)
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN 46545
Telephone: (574) 243-4100
Facsimile: (574) 232-9789
E-Mail: cputt@maylorber.com

PATTISHALL, MCAULIFFE, NEWBURY,
HILLIARD & GERALDSON LLP
Phillip Barengolts
(Motion for Admission Forthcoming)
Elisabeth K. O'Neill
(Membership for Admission Forthcoming)
11 South Wacker Drive, Suite 5000
Chicago, Illinois 60606
Phone: (312) 554-8000

*Attorneys for Plaintiff, Fortres Grand*

-9-

## VERIFICATION OF COMPLAINT

DAVID FORTIN, President of Fortres Grand Corporation, declares under penalty of perjury, that:

He is Plaintiff in the above-captioned action and has read the foregoing Complaint verifying the contents thereof. The facts stated in the Complaint have been assembled by him and counsel and that the allegations contained therein are true and correct to the best of his information and belief.

Date: _____9/18/2012_____